# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY EPHRAIM ROGERS, | 1:10-cv-02038-GSA-PC |
| Plaintiff, | ORDER TRANSFERRING CLAIMS AGAINST DEFENDANTS R. NIPPER, DR. LEVIS, M. FORDHAM, AND L. PARKER TO CENTRAL DISTRICT OF CALIFORNIA |
| v. | |
| JAMES YATES, et al., | |
| Defendants. | |
| _____/ | |

## I.   RELEVANT PROCEDURAL HISTORY

Roy Ephraim Rogers ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 2, 2010, against correctional official defendants employed at Pleasant Valley State Prison ("PVSP") in Coalinga, California  (Doc. 1.)  The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. 1915A and entered an order on March 14, 2011, requiring Plaintiff to either file an amended complaint curing the deficiencies identified by the Court, or notify the Court of his willingness to proceed on the claims found cognizable by the Court.  (Doc. 6.)  On March 29, 2011, Plaintiff filed the First Amended Complaint, against correctional official defendants employed at PVSP, and against

defendants R. Nipper, Dr. Levis, M. Fordham, and L. Parker, correctional officials employed at the California State Prison-Los Angeles County ("LAC") in Lancaster, California. (Doc. 7.)

Plaintiff's claims in the First Amended Complaint stem from injuries suffered in an event that occurred at PVSP on November 17, 2008. The First Amended Complaint sets forth allegations of retaliation and failure to protect Plaintiff by defendants at PVSP, and allegations of failure to protect Plaintiff by defendants at LAC.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

In this case, some of allegations relate to conduct by defendants not resident in this district. The claims against defendants R. Nipper, Dr. Levis, M. Fordham, and L. Parker, arose in Los Angeles County, which is in the Central District of California. Therefore, those claims will be transferred to the United States District Court for the Central District of California, and proceed as a separate civil action in that district.

The claims as to the defendants employed at PVSP will proceed in this action. By separate order, the Court will grant Plaintiff leave to file an amended complaint as to the PVSP claims only.

Accordingly, IT IS HEREBY ORDERED that:

1.  The claims arising at the California State Prison-Los Angeles County in Lancaster, California, against defendants R. Nipper, Dr. Levis, M. Fordham, and L. Parker, are severed from this action, for lack of venue;

///

2. The Clerk's Office shall forward to the United States District Court for the Central District of California:

    (1) a copy of this order, and

    (2) a copy of the First Amended Complaint filed in this action on March 29, 2011 (Document 7);

3. The claims as to the Pleasant Valley State Prison defendants will proceed in this action; and

4. By separate order, the Court will grant Plaintiff leave to file an amended complaint as to the Pleasant Valley State Prison claims only.

IT IS SO ORDERED.

**Dated:** **November 9, 2011**        /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE